UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CATHERINE KAPLA,

      Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

Case No. 12-11010
Honorable Patrick J. Duggan

## OPINION AND ORDER

On March 6, 2012, Plaintiff filed this lawsuit challenging a final decision of the Commissioner denying Plaintiff's application for disability and disability insurance benefits. The following day, this Court referred the lawsuit to Magistrate Judge Mona K. Majzoub for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3.) The parties subsequently filed cross-motions for summary judgment. On January 25, 2013, Magistrate Judge Majzoub issued an R&R recommending that this Court grant Plaintiff's motion, deny Defendant's motion, and as requested by Plaintiff, remand the matter to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 18.)

In her R&R, Magistrate Judge Majzoub concludes that the Administrative Law Judge failed to properly evaluate the opinion of Plaintiff's treating physician and did not

sufficiently address limitations identified by non-examining treating sources. (*Id*. at 13-14.) Magistrate Judge Majzoub also finds that the ALJ failed to incorporate some limitations identified by Plaintiff's treating sources into the hypothetical posed to the vocational expert. (*Id*. at 15-16.) She therefore recommends that the matter be remanded to the Commissioner to: (a) "discuss the medical source opinions, explain the weight given to those opinions and the reasons the ALJ believes they are inconsistent or inconsistent with the medical evidence"; and, (b) "discuss the validity of Dr. [Thomas T. L.] Tsai's assessment that Plaintiff is limited to one to two step tasks, and discuss Plaintiff's social functioning limitation that she is fearful of authority figures." (*Id*. at 16.) Magistrate Judge Mazjoub advises the Commissioner to incorporate these limitations into the hypothetical question posed to the vocational expert and Plaintiff's residual functioning capacity if the ALJ finds them credible. (*Id*.)

At the conclusion of the R&R, Magistrate Judge Majzoub advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. (*Id*. at 17.) She further specifically advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right to appeal." (*Id*.) Neither Plaintiff nor Defendant filed objections to the R&R.

The Court has carefully reviewed the R&R and concurs with the conclusions reached by Magistrate Judge Majzoub. The Court therefore adopts Magistrate Judge Majzoub's January 25, 2013 Report and Recommendation.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for summary judgment is **GRANTED**;

**IT IS FURTHER ORDERED**, that Defendant's motion for summary judgment is **DENIED**;

**IT IS FURTHER ORDERED**, that the decision of the Commissioner is reversed and this matter is remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

Dated: February 28, 2013             s/PATRICK J. DUGGAN
                                     UNITED STATES DISTRICT JUDGE

Copies to:
John M. Brissette, Esq.
Marc J. Boxerman, Esq.
AUSA Susan K. DeClercq
Magistrate Judge Mona K. Majzoub